UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.:

Alex O. Mercado,
and other similarly
situated individuals,

      Plaintiff(s),

v.

Adiser Orlando LLC,
d/b/a Burger King,
Juan Carlos Pedraglio, and
Anderson Pinheiro, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Alex O. Mercado and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Adiser Orlando LLC, d/b/a Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro, individually, and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid regular and retaliation under United States laws. This Court has jurisdiction pursuant to

the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Alex O. Mercado is a resident of Osceola County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Adiser Orlando LLC, d/b/a Burger King (from now on, Burger King, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Osceola County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendants, Juan Carlos Pedraglio and Anderson Pinheiro were and are now the owners/partners/officers and directed operations of Defendant corporation Burger King. These individual Defendants were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint occurred in Osceola County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Alex O. Mercado as a collective action to recover from Defendants regular wages, retaliatory and liquidated damages, costs, and reasonable Attorney's fees under the provisions of the

Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2023, (the "material time") without being adequately compensated.

7. Defendant Burger King was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a fast-food restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines

at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendant Adiser Orlando LLC is a fast-food franchise company that operates a Burger King restaurant located at 1920 E Irlo Bronson Hwy, Kissimmee, FL 34744, where Plaintiff worked.

10. Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro employed Plaintiff Alex O. Mercado as a non-exempted, full-time restaurant employee from February 9, 2023, to March 3, 2023, or 3 weeks.

11. During the relevant period, Plaintiff performed as a cook, and he was paid an hourly rate of $12.00.

12. While employed by Defendants, Plaintiff worked five days per week, from Monday to Friday, from 6:00 PM to 12:30 PM (6.5 hours daily), or a minimum of 32.5 hours weekly. Plaintiff did not take bonafide lunch hours.

13. On or about February 27, 2023, Defendants paid Plaintiff for the first time wages of $332.00. Though, Defendants gave Plaintiff a bad check. The bank flagged the check as Altered/Fictitious. Consequently, the bank closed Plaintiff's account, leaving him unable to open any bank account at any bank. This check was the first and only payment he received.

14. Plaintiff did not receive any other compensation besides de bad check for the remaining weeks.

15. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

17. Plaintiff was paid with a bad check, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

18. After the bad check incident, Plaintiff complained to his superiors and demanded to be paid his regular wages as expected.

19. Plaintiff complained several times to Administrator Jose Vega about the unpaid wages, but Defendants ignored Plaintiff's complaints.

20. As a result of Plaintiff's complaints, he was fired on or about March 3, 2023,

21. At the time of his termination, Defendants did not pay Plaintiff his back wages, at any rate, not even at the minimum wage rate.

22. At times mentioned, individual Defendants Juan Carlos Pedraglio and Anderson Pinheiro were and are now the owners/partners/managers of Burger King. Defendants Juan Carlos Pedraglio and Anderson Pinheiro were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

These individual Defendants acted directly in Burger King's interests concerning its employees, including Plaintiff and others similarly situated. Defendants Juan Carlos Pedraglio and Anderson Pinheiro had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

23. Plaintiff Alex O. Mercado seeks to recover regular unpaid hours, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every hour worked.

26. This action is intended to include every cook, restaurant employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>**COUNT I:**</u>
**<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u>**
**<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>**

27. Plaintiff re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable Attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day, and

        (C) $7.25 an hour, beginning 24 months after that 60th day.

29. Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro employed Plaintiff Alex O. Mercado as a non-exempted, full-time restaurant employee from February 9, 2023, to March 3, 2023, or 3 weeks.

30. During the relevant period, Plaintiff performed as a cook, and he was paid an hourly rate of $12.00.

31. While employed by Defendants, Plaintiff worked five days per week, a minimum of 32.5 hours weekly. Plaintiff did not take bonafide lunch hours.

32. On or about February 27, 2023, Defendants paid Plaintiff wages for $332.00. Defendants gave Plaintiff a bad check. The bank flagged the check as Altered/Fictitious. As a consequence, the bank closed Plaintiff's banking account, leaving him unable to open any bank account at any bank. This check was the first and only payment he received.

33. The plaintiff did not receive any other compensation besides a bad check for the remaining weeks.

34. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

35. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

36. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

37. Plaintiff was paid with a bad check, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

38. Defendants fired Plaintiff on or about March 03, 2023, because of his complaints about the bad check and unpaid wages.

39. At the time of his termination, Defendants did not pay Plaintiff his back wages.

40. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.

42. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate. Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

      One Thousand Seventy-Two Dollars and 50/100 ($1,072.50)

    b.  <u>Calculation of such wages</u>:

      Total period of employment: 3 weeks
      Total number of unpaid weeks: 3 weeks
      Total number of unpaid hours: 32.5 average hours weekly
      Fl Minimum wage 2023: $11.00

      $11.00 x 32.5 hours=$357.50 weekly x 3 weeks= $1,072.50

    c.  <u>Nature of wages</u>:

      This amount represents regular unpaid wages in Florida minimum wage rate

43. Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro unlawfully failed to pay minimum wages to Plaintiff.

44. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

45. Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

46. Plaintiff has retained the law offices of the undersigned Attorney to represent him individually and on behalf of the asserted class and incurred Attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable Attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Alex O. Mercado respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable Attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Alex O. Mercado and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## <u>COUNT II:</u><br><u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u><br><u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>

47. Plaintiff Alex O. Mercado re-adopts every factual allegation stated in paragraphs 1-26 of this Complaint as if set out in full herein.

48. Defendant Burger King was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

49. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

50. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

51. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be

instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

52. Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro employed Plaintiff Alex O. Mercado as a non-exempted, full-time restaurant employee from February 9, 2023, to March 3, 2023, or 3 weeks.

53. During the relevant period, Plaintiff performed as a cook, and he was paid an hourly rate of $12.00.

54. While employed by Defendants, Plaintiff worked five days per week, a minimum of 32.5 hours weekly. Plaintiff did not take bonafide lunch hours.

55. On or about February 27, 2023, Defendants paid Plaintiff wages for $332.00. Defendants gave Plaintiff a bad check. The bank flagged the check as Altered/Fictitious. Consequently, the bank closed Plaintiff's account, leaving him unable to open any bank account at any bank. This check was the first and only payment he received.

56. Plaintiff did not receive any other compensation besides de bad check for the remaining weeks.

57. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

58. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

59. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 USC §206, et seq.

60. Plaintiff complained to his superiors about the bad check and demanded to be paid his regular wages as expected.

61. Plaintiff complained several times to Administrator Jose Vega about the unpaid wages, but Defendants ignored Plaintiff's complaints.

62. These complaints constituted protected activity under the FLSA.

63. However, as a result of Plaintiff's complaints, Defendants fired Plaintiff on or about March 3, 2023,

64. At the time of his termination, Defendants did not pay Plaintiff his back wages, at any rate, not even at the minimum wage rate.

65. At all times during his employment with Defendants, Plaintiff performed the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

66. There is close proximity between Plaintiff's protected activity and his termination.

67. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking regular unpaid wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular wages.

68. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

69. Plaintiff Alex O. Mercado has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay a reasonable Attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Alex O. Mercado respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro that Plaintiff Alex O. Mercado recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Burger King, Juan Carlos Pedraglio, and Anderson Pinheiro to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Alex O. Mercado further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Alex O. Mercado demands a trial by a jury of all issues triable as a right by a jury.

Date: April 28, 2023

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
    9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:      (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*