UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-00792-EJK

ALEX O. MERCADO,
and other similarly situated individuals,

    Plaintiff,

v.

ADISER ORLANDO, LLC, d/b/a Burger King,
and JUAN CARLOS PEDRAGLIO and
ANDERSON PINHEIRO, individually

    Defendants.
_____/

**JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE**

Plaintiff, ALEX O. MERCADO ("Plaintiff"), and Defendants, ADISER ORLANDO, LLC, JUAN CARLOS PEDRAGLIO and ANDERSON PINHEIRO (collectively, "Defendants") (collectively, Plaintiff and Defendants referred to herein as the "Parties"), jointly request the: (1) Court approve the Settlement Agreement and Release ("Settlement Agreement") entered into between the Parties; and (2) enter an Order of Final Dismissal of Plaintiff's Claims against Defendants with Prejudice. In support of this Motion, the Parties jointly state as follows:

**I.     Background**

1. On October 4, 2023, the Court entered an Order denying the Parties' Joint Motion for Approval of Settlement Agreement and to Dismiss with Prejudice [D.E. 24], finding that there were multiple issues that affecting the Court's ability to determine whether the settlement agreement was fair and reasonable under the FLSA.

2. In its Order, the Court allowed the Parties until October 18, 2023, to renew their motion.

3. Based on the Court's Order, the Parties revised the Settlement Agreement to address the Court's concerns. Specifically, the revised Agreement is not a general release, contains no requirement for confidentiality, and eliminates the no-rehiring provision.

4. Rather, the revised Agreement only requires Plaintiff to "release and waive all wage-and-hour claims or related claims that arise out of the facts alleged in the instant action, as well as all claims for retaliatory termination that were asserted in this lawsuit." See Exhibit 1: Revised Settlement Agreement.

5. The revised Agreement maintains a settlement payment of $12,000.00 to be paid by Defendants which includes: (a) $1,072.50, less applicable taxes, to Plaintiff as consideration for alleged overtime wages; (b) $1,072.50 to Plaintiff as consideration for alleged liquidated damages; (c) $2,855.00 to Plaintiff as consideration for alleged retaliatory discharge

damages; and (d) $7,000.00 to Plaintiff's Counsel as consideration to resolve Plaintiff's claims for attorneys' fees and costs, which were negotiated separate and apart.

**II.    Argument**

    1.    Pursuant to Federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. See Lynn's Food Stores v. U.S. ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). In the former instance, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Rather, Plaintiff brought his claims directly before the Court.

    2.    In the Eleventh Circuit, district courts are generally required to review FLSA settlement agreements. *See Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). However, as this Court has recognized:

> [N]ot every end to an FLSA lawsuit requires judicial scrutiny. The FLSA only contemplates reviewing settlement agreements that result in the 'compromise' of an employee's claim. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 & n.6 (M.D. Fla. 2009).

*Vazquez v. Joseph Cory Holdings, LLC*, No. 6:16-cv-1307-Orl-40TBS, Doc. 57 (M.D. Fla. Mar. 30, 2017) (Byron, J.). Nevertheless, even when filing a

3

joint stipulation of dismissal, in FLSA cases the parties must "explain how their settlement does not constitute a compromise subject to the FLSA's judicial approval requirement." *Id*.

     3.    In this case, Plaintiff claimed $1,072.50 in unpaid overtime wages plus an equal amount of liquidated damages under the FLSA. Doc. 1 ¶ 42. Plaintiff is receiving all unpaid overtime wages claimed plus an equal amount of liquidated damages. Plaintiff is also receiving substantial compensation for his retaliation claim for the time Plaintiff was allegedly out of work. While Plaintiff is not receiving liquidated damages for his retaliation claim, "[a] settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Servs.*, No. 6:16-cv-1468-Orl-40KRS, 2016 U.S. Dist. LEXIS at *3-4 (M.D. Fla. Dec. 16, 2016) (collecting authority); *report and recommendation adopted*, 2017 U.S. Dist. LEXIS at 1-2 (M.D. Fla. Jan. 4, 2017) (Byron, J.). Moreover, unlike liquidated damages for unpaid overtime wages, liquidated damages under the FLSA's retaliation provisions, 29 U.S.C. § 216(b), are not awarded as a matter of right, but are purely discretionary based on the unique facts of the case. *See Moore v. Appliance Direct, Inc.*, 708 F.3d 1233, 1243 (11th Cir. 2013). Accordingly, the fact Plaintiff is not receiving liquidated damages under Count II does not render the Parties' settlement

a "compromise" or otherwise contaminate Plaintiff's recovery of back wages under the FLSA.

    4.    Finally, Plaintiff is receiving full compensation for all reasonable attorneys' fees and costs incurred to date in this matter. Plaintiff's attorney's fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fees to be paid to Plaintiff's Counsel. <u>See, e.g.</u>, <u>Bonetti v. Embarq Management Co.</u>, 715 F. Supp. 2d 1222, 1227-1228 (M.D. Fla. 2009).

    5.    Based on the foregoing, the Parties have provided the Court with sufficient information to determine Plaintiff has not compromised his FLSA back wages claimed, including liquidated damages (overtime wages), attorneys' fees and costs, and further scrutiny of the Parties' settlement agreement is not warranted.

**III.    Conclusion**

    WHEREFORE, the Parties respectfully request that the Court enter an order: (1) directing the Clerk to close this case based on the Parties'

Rule 41(a)(1)(A)(ii) Joint Stipulation of Dismissal With Prejudice; or (2) otherwise approving the Parties' joint stipulation and directing the Clerk to close this case.

Respectfully submitted on this 18th day of October 2023.

| | |
|---|---|
| /s/ Zandro E. Palma<br>Fla. Bar No. 0024031<br>ZANDRO E. PALMA, P.A.<br>9100 S. Dadeland Boulevard, Suite 1500<br>Miami, FL 33156<br>Tel. (305) 446-1500<br>Fax. (305) 446-1502<br>zep@thepalmalawgroup.com<br><br>*Attorney for Plaintiff* | /s/ Juliana Gonzalez<br>Fla. Bar No. 54660<br>MG LEGAL GROUP, P.A.<br>3126 Center Street<br>Coconut Grove, FL 33133<br>Tel. (305) 448-9557<br>Fax. (305) 448-9559<br>juliana@ljmpalaw.com<br><br>*Attorney for Defendant* |